Filed 4/7/23 P. v. Eldridge CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C096457 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 22CF01129, 22CF01608, 22CM01607, 22CM01611) |
| v. | |
| JOEY BRIAN ELDRIDGE, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Joey Brian Eldridge filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Finding no arguable errors that would result in a disposition more favorable to defendant, we will affirm the judgment.

1

## FACTUAL AND PROCEDURAL BACKGROUND

On March 11, 2020, defendant resolved six cases pending against him by way of a plea agreement. In case No. 19CF08335 (vehicle theft case), defendant pleaded guilty to felony driving or taking a vehicle valued more than $950 without consent (Veh. Code, § 10851), and in case No. 19CM07770 (FTA case), defendant pleaded guilty to misdemeanor failure to appear (Pen. Code, § 853.7).[1] In exchange for the guilty pleas, the remaining four cases were dismissed with waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754. The stipulated factual basis for the plea was the probation report. Given defendant's guilty pleas, the trial court found him in violation of his probation in case No. 19CM05511.

On July 8, 2020, the trial court suspended imposition of sentence for the vehicle theft and FTA cases and placed defendant on felony probation for three years[2] under specified terms and conditions. The court also imposed a $300 restitution fine (§ 1202.4) in the vehicle theft case, a $150 restitution fine (§ 1202.4) in the FTA case, and matching, suspended probation revocation restitution fines (§ 1202.44). The court further imposed a $30 conviction assessment fee (Gov. Code, § 70373) and a $40 court operations assessment fee (§ 1465.8) in the theft and FTA cases. The court terminated defendant's probation in case No. 19CM05511 as unsuccessful.

A felony complaint filed March 8, 2022, in case No. 22CF01129 (evading case) charged defendant with driving with disregard for the safety of people or property while fleeing from a pursuing peace officer (Veh. Code, § 2800.2; count 1), driving a car in the opposite direction of traffic during flight from a peace officer (Veh. Code, § 2800.4;

---

[1] Undesignated statutory references are to the Penal Code.

[2] This term was later reduced to two years per Assembly Bill No. 1950 (Stats. 2020, ch. 328).

count 2), misdemeanor resisting a peace officer (§ 148, subd. (a)(1); count 3) and driving when privilege suspended as a result of a prior driving under the influence conviction (Veh. Code, § 14601.2, subd. (a); count 4).

On April 4, 2022, defendant was charged with misdemeanor resisting a peace officer (§ 148, subd. (a)(1)) in case No. 22CM01607 (resisting case A), unlawful use of tear gas (§ 22810, subd. (g)(1)) in case No. 22CF01608 (tear gas case), and misdemeanor resisting a peace officer (§ 148, subd. (a)(1)) in case No. 22CM01611 (resisting case B). As a result of these new charges, the probation department moved to revoke defendant's probation in the vehicle theft case.

On May 4, 2022, defendant resolved the two resisting cases, the tear gas case, and the evading case by pleading guilty to driving with disregard for the safety of people or property while fleeing from a pursuing peace officer (Veh. Code, § 2800.2) in the evading case and the unlawful use of tear gas (§ 22810, subd. (g)(1)) in the tear gas case. Defendant waived a jury trial on any sentencing circumstances in aggravation/mitigation and agreed to the trial court could consider the probation report in evaluating these circumstances. In return, resisting case A, resisting case B, and the remaining counts in the evading case were dismissed with a *Harvey* waiver. The stipulated factual basis for his pleas would be the probation report. In light of defendant's guilty pleas, the trial court determined he had violated his probation in the vehicle theft case.

At the sentencing hearing on June 1, 2022, the trial court determined the aggravating circumstances outweighed the mitigating circumstances and that imposition of a lower term would not be in the interests of justice (§ 1170, subds. (b)(2), (6)).[3]

---

[3] In aggravation, the court determined defendant's prior convictions were numerous and increasing in seriousness, his prior performance on probation was unsatisfactory, defendant inflicted physical injury, and engaged in conduct indicating a serious danger to society. In mitigation, defendant was youthful and resolved the cases early. The court

Accordingly, the court imposed an upper term sentence of three years for the vehicle theft case, eight months consecutive for the tear gas case, and eight months consecutive for the evading case, for a total aggregate prison term of four years four months. The court awarded defendant credit for 186 actual days, plus 186 conduct days for a total of 372 days of custody credit in the vehicle theft case.

Finally, the trial court lifted suspension on the $300 probation revocation fine (§ 1202.44) in the vehicle theft case, imposed a $300 restitution fine (§ 1202.4) in both the evading and tear gas cases, and imposed a $300 suspended parole revocation restitution fine (§ 1202.45) in all three cases. The court further imposed a $30 conviction assessment fee (Gov. Code, § 70373) and a $40 court operations assessment fee (§ 1465.8) in both the evading and tear gas cases, as well as a $4 emergency medical air transport fee in the evading case (Gov. Code, § 76000.10, subd. (c)(1)). The court also ordered $280.67 in victim restitution in the evading case.

Defendant timely appealed and did not request a certificate of probable cause. On September 28, 2022, this court granted defendant's motion to construe the notices of appeal filed on June 1, 2022, to include the judgment in the vehicle theft case. Appellate briefing concluded on February 21, 2023.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

was free to determine these factors in light of defendant's agreement to allow it to do so when he pleaded guilty.

4

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that are favorable to defendant. Accordingly, we will affirm the judgment.

**DISPOSITION**

The judgment is affirmed.

/s/

Duarte, Acting P. J.

We concur:

/s/

Boulware Eurie, J.

/s/

McAdam, J.*

---

* Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.